IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAM CONSIGLIO,

    Plaintiff,                               No. CIV S-05-1917 DFL GGH P

    vs.

RODERICK HICKMAN, et al.,

    Defendants.                    FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief filed January 20, 2006. For the following reasons, the court recommends that this motion be denied.

        This action is proceeding on the complaint filed October 20, 2005. Plaintiff alleges that prison officials at Mule Creek State Prison (MCSP) are planning to transfer sensitive needs inmates to Folsom State Prison. In the pending motion for injunctive relief, plaintiff states that on December 22, 2005, he was transferred from MCSP to Salinas Valley State Prison (SVSP). Plaintiff alleges (similar to dire allegations in the past) that following his transfer, he was assaulted by three inmates and on another occasion by correctional officers.

        The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are

(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

As indicated above, in order to succeed on a claim for injunctive relief, plaintiff must demonstrate a likelihood of success on the merits. Because the pending motion concerns matters unrelated to those raised in the complaint, the court finds that plaintiff has not demonstrated a likelihood of success on the merits of this action. Plaintiff should raise his claims regarding SVSP in a complaint filed in the United State District Court for the Northern District of California.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief filed January 20, 2006, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

1 days after being served with these findings and recommendations, plaintiff may file written
2 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
5 F.2d 1153 (9th Cir. 1991).
6 DATED: 2/3/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
con1917.pi(2)